UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MELANIE SCHWARTZ,

                    Plaintiff,                      **COMPLAINT**

      -against-

                                                          Docket No.: 19-CV-10675

MODEXTIL d/b/a SAVE THE DUCK, HENRI ABITAN,
and SETH STEINBERG,

                    Defendants.
-----------------------------------------------------------------X

        Plaintiff, MELANIE SCHWARTZ, by and through her attorneys, RICOTTA & MARKS, P.C., complaining of Defendants herein, alleges, upon knowledge as to herself and her own actions, and upon information and belief as to all other matters, as follows:

## JURISDICTION AND VENUE

1.      This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000-e, *et seq.*, the New York State Human Rights Law, and the New York City Administrative Code, as well as any other cause of action which can be inferred from the facts set forth herein, to redress gender discrimination, sexual harassment, and retaliation due to complaints regarding the aforementioned discrimination and harassment, which occurred during the course of Plaintiff's employment with Defendants.

2.      The jurisdiction of this Court is invoked under 28 U.S.C. § 1331, the doctrine of pendant jurisdiction and the aforementioned statutory and constitutional provisions.

3.      Venue is proper pursuant to 28 U.S.C. § 1391.

1

4. All conditions precedent to maintaining this action have been fulfilled. A charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC"). A right to sue letter was received on August 26, 2019. This action was properly instituted within ninety (90) days of the receipt of said letter.

## PARTIES

5. At all times hereinafter mentioned, Plaintiff Melanie Schwartz ("Schwartz") was and still is a resident of the County of Hudson, State of New Jersey.

6. Defendant, Modextil, d/b/a Save the Duck ("Modextil") was and is a corporation with a principal place of business located at 80 W. 40th Street, Suite 25, New York, New York 10018.

7. Defendant, Henri Abitan ("Abitan"), President and CEO of Modextil, was, at all relevant times, a supervisor of Plaintiff. Abitan aided, abetted, compelled, and/or incited the unlawful treatment set forth below.

8. Defendant, Seth Steinberg ("Steinberg"), Vice President of Sales for Modextil, was at all relevant times, was Plaintiff's supervisor. Steinberg aided, abetted, compelled and/or incited the unlawful treatment set forth below.

## BACKGROUND FACTS

9. Schwartz is a female.

10. In or around November 2015, Schwartz began employment with Modextil as a Sales Representative. While Schwartz was classified as an independent contractor, for tax and pay purposes, she was an employee of the company, as the company exercised significant control over the manner in which she performed her job.

11. Steinberg was, at all times, a Vince President of Sales and, as such was assigned as Schwartz's supervisor. Steinberg worked out of Modextil's New York office and was located there regularly.

12. During the course of Schwartz's employment with Modextil, she was subjected to severe or pervasive sexual harassment at the hands of Steinberg, and others. For example:

- From September 2015 up to the end of her employment, Steinberg would make inappropriate comments, verbally and in texts, regarding "Jewish girls," and referring to Schwartz as a "Jewish Princess."
- On January 8, 2016, while at a trade show, Steinberg pressured Schwartz to stay in his room with him, texting her that she can "check out and legit stay with me."
- On January 23, 2016, Steinberg texted Schwartz "Love u."
- On March 30, 2016, Steinberg texted Schwartz "Thanks sweets."
- On April 1, 2016, Steinberg texted Schwartz ". . . I need TLC."
- On May 4, 2016, Steinberg texted Schwartz "Sounds like you were having an orgy."

3

- On February 16, 2017, Steinberg texted Schwartz, "Thank you sweat pea."
- In January 2018, Steinberg slapped Schwartz's butt and commented "Firming up. Looking good."

13. In addition to the above conduct, other members of Modextil engaged in sexually inappropriate conduct and used their positions of authority to create a hostile work environment for Schwartz. For example, in August 2017, while at a trade show at the Jacob Javitts Center, the Vice President of Sales in Canada had his hands in his pocket and was manipulating his genitals in front of Melanie.

14. Moreover, in January 2017, while planning a trip to Modextil's corporate offices in Canada, an Accountant, Monty, texted Melanie that she "looks terrific," and tried to plan dates with her when she was in town to go to a concert, a spa, and for them to "unwind." These activities had no relation to Schwartz's professional duties with Modextil.

15. Shortly after the January 2018 incident where Steinberg engaged in unwanted touching of Schwartz's buttocks, Schwartz emailed Henri Abitan ("Abitan"), President and CEO of Modextil, and complained about the sexual harassment and chauvinistic environment that existed at Modextil.

16. Schwartz subsequently spoke with Abitan on the phone and further outlined her concerns and the issues she was experiencing, including Steinberg's having slapped her butt earlier that month.

17. Abitan did nothing in response to her complaints and, instead, Schwartz was subjected to retaliation. Moreover, Abitan continued requiring that Schwartz report to and work with Steinberg.

18. More specifically, shortly after complaining to Abitan, Schwartz was told, for the first time, that if her sales numbers did not look good, she would be terminated. Moreover, Steinberg suddenly stopped giving Schwartz all the information she needed in order to effectively do her job, thereby hampering her ability to meet her targets.

19. Prior to her levying complaints about Steinberg's sexual harassment, Steinberg never withheld relevant information from Schwartz.

20. In May 2018, less than four months after she complained to Abitan about the sexual harassment to which she was subjected, Schwartz was told by Steinberg that she was being terminated. This termination was clearly in response to her complaints, and as such, constitutes blatant retaliation.

21. Based on the foregoing, Schwartz alleges that Defendants subjected her to unlawful gender-based discrimination, sexual harassment, as well as retaliation against her due to her engaging in protected activities in violation of the Title VII of the Civil Rights Act of 1960, the New York State Human Rights Law, and the New York City Administrative Code.

22. As a result of Defendants' unlawful conduct, Plaintiff has suffered financial damages, emotional distress damages, and physical injury.

## **CLAIMS FOR RELIEF**

23. Plaintiff has been subjected to a hostile work environment, and/or adverse employment actions, as well as an atmosphere of adverse employment actions based on her gender and/or in retaliation for her opposition to discriminatory practices. Defendant Modextil's actions are in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000-e, *et seq.*

24. Plaintiff has been subjected to a hostile work environment and adverse employment actions due to her gender and/or due to her opposition to discrimination. As such, this conduct is in violation of the New York State Human Rights Law, Section 296, *et seq.*

25. As described above, Defendant has taken adverse employment actions against Plaintiff, subjecting her to a hostile work environment, and/or maintained an atmosphere of adverse actions, which were motivated, in part, upon Plaintiff's gender and/or opposition to discrimination in violation of New York City Administrative Code Title 8.

26. The individual defendants, through their actions, aided and abetted the acts of discrimination and retaliation alleged above in violation of the New York State Executive Law §296(6) and the New York City Administrative Code Title 8-107.

27. By reason of Defendants' violation of Plaintiff's rights, Plaintiff has suffered a loss of monetary benefits associated with her employment, in addition to suffering physical, emotional and other damages.

WHEREFORE, Plaintiff demands judgment against Defendants for all compensatory, emotional, physical, and punitive damages, lost pay, front pay, injunctive relief, and any other damages permitted by law.  It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled. Plaintiff demands a trial by jury.

Dated: Long Island City, New York
       November 18, 2019

>                             RICOTTA & MARKS, P.C.
>                             *Attorneys for Plaintiff*
>                             31-10 37th Avenue, Suite 401
>                             Long Island City, New York 11101
>                             (347) 464-8694
>
>                             _____
>                             Thomas Ricotta